OPINION OF THE COURT
William L. Ford, J.
This is a motion by the plaintiff for summary judgment pursuant to CPLR 3212. The parties have furnished copies of the summons and complaint, the answer of the defendants and copies of the papers submitted to the court upon a prior motion for a preliminary injunction. The parties have also submitted memorandums of law.
The plaintiff is a police sergeant employed by the defendant, City of Plattsburgh (hereinafter City). In October of 1982 he enlisted in the United States Army Reserves (hereinafter Reserves) and the Reserves require that he attend military drill or training on one weekend of each month. It appears undisputed that on January 21 and 22, 1983, the plaintiff was required to report to military duty from 8:00 a.m. to 4:00 p.m. and on both days was scheduled to work for the City. The plaintiff requested a leave of absence (military leave) for those days and it was denied by the City. Further, it appears that on March 5, 1983 the plaintiff was again denied military leave by the City on a day when he was scheduled for both military duty and police duty.
*956 The plaintiff brought this action to, among other things, enjoin the defendants from denying him a calendar-day leave of absence from police duty on those days upon which he is scheduled for military duty and for a declaration that he is entitled to be so excused from police work pursuant to subdivision 2 of section 242 of the Military Law.
The defendants rely upon the fact that a grievance pursuant to a public employer-employee contract was initially filed by the plaintiff over the denial of a leave of absence and urge that it is an election of remedies barring this action. The parties both refer to article XIII-A of the contract which provides for a grievance and arbitration procedure. A review of that contract provision establishes that there is no exclusive procedure whereby employees and the public employer are to settle disputes as to statutory rights and powers. At most the said article XIII-A provides that an employee may complain to his captain of police orally and if no resolution of the complaint is reached he may submit his complaint in writing to the chief of police. All further steps in regard to an employee’s complaint are within the control of the union representing the employee and the employer. Upon this record there is nothing to show that the plaintiff has made a binding election of remedies by initially filing a grievance or that the exclusive remedy for the dispute is arbitration.
The primary issue is whether subdivision 2 of section 242 of the Military Law requires that the City not schedule the plaintiff for any work during a calendar day when he also has been ordered to perform military duty or has travel incident thereto. The City has adopted the practice of requiring plaintiff to work when his police schedule does not literally conflict with the military schedule or to work such hours of his police schedule as he can on those days without actual conflict with the military duty and reasonable travel time. (See 1976 Opns Atty Gen 130; 1978 Opns Atty Gen 31.)
“Initially * * * [the court finds] the issue is one of law more appropriate for judicial rather than administrative resolution (Matter of Van Teslaar [Levine], 35 NY2d 311).” (Schampier v Office of Gen. Servs., 73 AD2d 1011, affd on opn below 52 NY2d 746.) Subdivision 2 of section 242 of the *957 Military Law provides in part as follows: “2 * * * Every public officer or employee shall be entitled to absent himself and shall be deemed to have a leave of absence from his duties or service as such public officer or employee while engaged in the performance of ordered military duty and while going to and returning from such duty.”
As noted in the 1976 formal opinions of the Attorney-General (p 131) “[t]he provisions of 38 U.S.C., § 2024, provide specific guides for granting military leave with respect to * * * inactive duty training performed by members of Reserve Components of the Armed Forces.” The defendants submit that section 2024 of title 38 of the United States Code (hereinafter referred to as section 2024) refers to “reemployment rights * * * [and] does not address the situation presented in this action where it is a matter of hours and not of days required for military training.” Subdivision (d) of section 2024 provides in relevant part as follows: “Any employee not covered by subsection (c) of this section who holds a position described in clause (A) or (B) of section 2021(a) shall upon request be granted a leave of absence by such person’s employer for the period required to perform active duty for training or inactive duty training in the Armed Forces of the United States. Upon such employee’s release from a period of such active duty for training or inactive duty training, or upon such employee’s discharge from hospitalization incident to that training, such employee shall be permitted to return to such employee’s position with such seniority, status., pay, and vacation as such employee would have had if such employee had not been absent for such purposes. Such employee shall report for work at the beginning of the next regularly scheduled working period after expiration of the last calendar day necessary to travel from the place of training to the place of employment following such employee’s release, or within a reasonable time thereafter if delayed return is due to factors beyond the employee’s control.”
The applicability of subdivision (d) of section 2024 to a reservist performing inactive duty on weekends is established by inference in the case of Monroe v Standard Oil Co. (452 US 549, 552, 560, 574). Subdivision (d) of section *958 2024 plainly provides that the leave of absence is not only for the actual period of training but extends to the day following the day of duty. The defendants point out that travel time for this employee is only a 10-minute walk from his Reserves duty to the employee work station. Whether the travel time is one second or more extended, the obvious intent of subdivision (d) of section 2024 is that employees such as petitioner receive a leave of absence for all of the hours required to perform his duty for the Reserves and all of the last calendar day in which travel to the place of employment is required.
Section 242 of the Military Law does not in its subdivision 2 provide that the leave of absence will be for a calendar day or that it is for any part of a day other than as the Reserves duty and travel time actually conflict with the employer’s work schedule. However, the State of New York and all its subdivisions must comply with section 2024 and it would be unreasonable to assume that section 242 of the Military Law should be interpreted as being inconsistent with section 2024.
Accordingly, to the extent that section 242 of the Military Law might be considered ambiguous in regard to the length of the period of time of the leave of absence provided in its subdivision 2, the court finds and declares that it at least covers any calendar day on which travel is required to go from the place of duty for the Reserves to the place of employment. Further, the court finds that an actual conflict in duty hours for the Reserves with employment hours is not a prerequisite to the employee’s entitlement to a leave of absence.
The court finds that the plaintiff is entitled to a declaratory judgment that the leave of absence referred to in subdivision 2 of section 242 of the Military Law is for one calendar day on any day upon which the employee is engaged in ordered military duties or travel incidental thereto and the employee is also scheduled for work.
The court grants summary judgment directing the defendants to credit the plaintiff with entitlement to 19 hours compensatory time for those hours he was wrongfully denied a leave of absence on January 21, 22 and March 5, 1983.
*959 The court denies the request for injunctive relief as being unnecessary in this case involving a public employer whose duty is to follow the law as expounded by the court.