Requestor: Hon. Josephine Gambino, Commissioner Department of Civil Service State Office Building Campus Albany, New York 12239
Written by: Robert Abrams, Attorney General
Your counsel has asked that we construe provisions of law governing entitlement to military leave benefits. She has asked that we review earlier opinions of this office (1978 Op Atty Gen 31; 1976 Op Atty Gen [Inf] 130) in light of the decision in Durkee v City of Plattsburgh,119 Misc.2d 955 (Sup Ct, Clinton Co, 1983).
Section 242 of the New York State Military Law provides as follows:
 "2. Leave of absence while engaged in performance of ordered military duty. Every public officer or employee shall be entitled to absent himself and shall be deemed to have a leave of absence from his duties or service as such public officer or employee while engaged in the performance of ordered military duty and while going to and returning from such duty.
. . .
 "5. Pay for military duty. Every public officer or employee shall be paid his salary or other compensation as such public officer or employee for any and all periods of absence while engaged in the performance of ordered military duty, and while going to and returning from such duty, not exceeding a total of thirty days or twenty-two working days, whichever is greater, in any one calendar year and not exceeding thirty days or twenty-two working days, whichever is greater, in any one continuous period of such absence".
38 U.S.C. § 2024 provides:
 "Rights of persons who enlist or are called to active duty;
. . .
 (d) Any employee . . . shall upon request be granted a leave of absence by such person's employer for the period required to perform active duty for training or inactive duty training in the Armed Forces of the United States. . . . Such employee shall report for work at the beginning of the next regularly scheduled working period after expiration of the last calendar day necessary to travel from the place of training to the place of employment following such employee's release, or within a reasonable time thereafter if delayed return is due to factor's beyond the employee's control".
In our 1976 opinion, we construed these provisions of law granting a leave of absence from civilian employment to a person ordered to perform military duty. We found that 38 U.S.C. § 2024(d) provides that the employee need not report to his civilian job until the beginning of the next regularly scheduled work period after expiration of the last calendar day necessary to travel from the place of military training to the place of civilian employment following release from military duty. That opinion does not deal with the time of commencement of military leave. This opinion was followed in our 1978 opinion.
While section 242 of the State Military Law provides for a leave of absence for military duty and also provides for compensation to a public officer or employee for periods of absence while engaged in and travelling to and from ordered military duty, Federal law only establishes the right of an employee to be granted a leave of absence for such period of time and defines when the employee must report for work subsequent to military service. As we found in our prior opinions, Federal law controls the right to a leave of absence.
In Durkee, the issue was
 "whether subdivision 2 of section 242 of the Military Law requires that the city not schedule the plaintiff for any work during a calendar day when he also has been ordered to perform military duty or has traveled incident thereto" (Durkee, supra, p 956).
Thus, the focus of the court in Durkee was entitlement to leave for military service.
The court in Durkee found that Federal law controls the duration of the leave of absence to which an employee is entitled for military service. The holding in Durkee was that an employer may not schedule a person forany work during a calendar day when he also has been ordered to perform military duty or has travel incident thereto. In our view, this holding goes beyond the requirements of the Federal statute.
The Federal statute defines when an employee must report for work following military service, providing that the employee is not required to report until "the next regularly scheduled working period after expiration of the last calendar day necessary to travel from the place of training to the place of employment" following the employee's release from military duty. The statute does not, however, specifically define the time when military leave is to commence. If military duty coincides with civilian employment duty, clearly the statute requires a leave of absence from civilian employment for that period. In other instances, however, the commencement of military leave under the Federal statute may depend on the facts and circumstances of the particular case. For example, in a situation where civilian employment terminates prior to the commencement of ordered military duty, the facts and circumstances may still, to some extent, require a leave of absence from civilian employment in order to travel, rest, and otherwise prepare for military duty. During the same calendar day, consistent with the statute, an employee might be able to complete some or all of his civilian shift and still be able to rest, travel and otherwise prepare for military duty. To this extent, Durkee goes further than the requirements of the Federal statute.
Thus, in response to your question, Federal law grants a right to military leave and specifically defines the time when an employee must report for work following military service. Further, we believe the statute should be construed so as to provide an employee with sufficient military leave to reasonably permit him to commence ordered military duty, taking into consideration relevant facts and circumstances.
We conclude that Federal law defines the leave of absence from civilian employment to which an employee is entitled in order to perform active duty for training or inactive duty training in the Armed Forces of the United States.