Argued March 20, reversed May 15, reconsideration denied June 28, petition for review denied September 8, 1978

SMITH, *Respondent,*

*v.*

## SCHOOL DISTRICT NO. 1 MULTNOMAH COUNTY, *Appellant.*

(No. 163663, CA 9720)

578 P2d 820

Graham M. Hicks, Portland, argued the cause for appellant. With him on the brief was Mark C. McClanahan, Portland, and Miller, Anderson, Nash, Yerke & Wiener, Portland.

Vincent G. Ierulli, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

**JOHNSON, J.**

Plaintiff, an employe of defendant School District, served on active duty with the Oregon Air National Guard for three five-day periods, Monday through Friday, between March 1 and March 21, 1976. The School District paid plaintiff's wages for the eleven working days missed during the period between March 1 and March 15, but declined to pay him for the additional four missed working days between March 16 and March 21. Pursuant to the collective bargaining agreement between the School District and the employes, plaintiff first pursued his claim for the four days pay as a grievance which eventually was submitted to arbitration. The arbitrator affirmed the School District's action, and plaintiff then instituted this action for damages. The trial court concluded that plaintiff was entitled to 15 working days of military leave under ORS 408.290(1) and awarded him $114 in damages together with costs and attorney's fees. The School District appeals.

Assuming arguendo that plaintiff's action was not barred by the arbitrator's decision, the trial court erred in its interpretation of ORS 408.290(1). That statute provides that public employes are entitled "for all periods of *annual* active duty for *training* * * * to a leave * * * for a period not exceeding *15* days * * * without loss of pay * * *." (Emphasis supplied.) Originally enacted in 1951, the statute was amended in 1955 to increase the number of days from 14 to 15. Oregon Laws 1951, ch 407; Oregon Laws 1955, ch 104. It was again amended in 1969 by inserting the words "annual" and "for training" and including service in the National Guard Reserve as a qualifying form of military duty. Oregon Laws 1969, ch 368. While the reference in the statute to "*a leave* * * * for *a* period not exceeding 15 days," (emphasis supplied), supports the School District's contention that the statute entitles public employes to only one military leave for a period of not more than 15 consecutive calendar days, in another context it is

arguable that the statute was intended to cover 15 working days. However, administrative practice since 1951 of both the state and the defendant School District has been consistent with the School District's position here. *See* Oregon Administrative Rules, ch 105, § 74-300 (Executive Department, Personnel Division Rules); 25 Op Att'y Gen 219 (Or 1951); 33 Op Att'y Gen 100 (Or 1966); 37 Op Att'y Gen 702 (Or 1975). This long-standing administrative practice, coupled with the legislative history, indicates that the legislature was aware of the practice and acquiesced in it. *See* 2A Sutherland, Statutory Construction, § 49 (4th ed 1973); *Civil Rights Div. v. Williams,* 280 Or 595, 573 P2d 270 (1977); *Allen v. Multnomah County,* 179 Or 548, 173 P2d 475 (1946).

Reversed.