OPINION OF THE COURT
Aaron E. Klein, J.
By motion and cross motion, made respectively by plaintiff and defendants, said parties’ motions seek summary judgment on straight questions of law in this action for declaratory judgment.
The plain point of the litigation is to obtain judicial interpretation of subdivision 5 of section 242 of the Military Law.
There are no questions of fact. The conceded facts are that the plaintiff, while an employee of the State of New York in the Office of General Services, also was a member of the New York Air National Guard, 139th Aeromedical Evacuation Flight, holding the rank of Staff Sergeant, and as such was subject to being called to military duty and training by the latter organization. During the calendar year 1978, and again apparently undisputed, he was called for National Guard duty for a total of 34 days beginning April 19, 1978 and ending October 31, 1978.
Using the interpretation of the defendant, the New York State Department of Civil Service, the defendant, Office of General Services of the State of New York, charged the plaintiff with paid military leave for 6 days between July 15 *1050 and July 22, 1978; for 6 days between July 24 and July 29, 1978; and 14 days between October 1 and October 15, 1978. In the first interval of dates, there were only five actual working days; in the second such interval, there were again only five such working days, and in the third such interval, there was a total of nine such working days, with October 9, 1978 being a State holiday. As a result of these computations, the plaintiff was charged by the said defendant with actual use of 31 days of military leave for the year, one day more than the total allowable calendar year absences with leave.
The contention of the plaintiff is that he should have been charged for only 24 days during the intervals mentioned, and that the computation of weekends and holiday were improper, and in violation of subdivision 5 of section 242 of the Military Law.
Taking both of these contentions down to their barest detail, what the conflict here amounts to is an interpretation by the defendants that the fair construction of legislative intent under the noted section of the Military Law was to read the words "thirty days” as though they were more precisely set forth as "thirty calendar days”, and the reverse construction to the words given by the plaintiff is to read those words as though they read "thirty work days.”
The hub upon which this litigation rests, is the contention that the interpretation by defendants of the section in question is illegal as contrary to the plain meaning and intent of the statute; that it is irrational and inconsistent. On the cross motion, the defendants cite formal opinions of the Attorney-General of the State of New York (notably one contained in a letter dated August 23, 1978 to Honorable Vito J. Castellano, Chief of Staff to the Governor; as well as 1940 Opns Atty Gen 214, 227, 232; 1941 Opns Atty Gen 140, 141; 1958 Opns Atty Gen 139; and 1962 Opns Atty Gen 8). These opinions are all construed as meaning the "first thirty days of absence”, whether those days were actual assigned work days or days excluded from the work week. In further support of their position, the defendants urge upon the court the interpretation given to section 3.5 of title 2 of the Official Compilation of Codes, Rules and Regulations of the State of New York (2 NYCRR 3.5) which computes salary rate on a 365-day basis (366 days in leap year) for salaried employees, while computing the work year at 261 days or 2,088 hours for per diem or hourly employees.
*1051 Both parties agree that there have not been interpretations of this statute, to their knowledge, in this State, by any court of competent jurisdiction. We are, therefore, dealing with a new and novel question of first impression, albeit previously passed upon in formal opinions by the office of the Attorney-General, and by the State Comptroller.
It is axiomatic that although opinions of the Attorney-General and State Comptroller "are of great weight in determining the construction of the statute”, that those opinions are "not necessarily binding on this court.” Even more to the point is the accepted fact that "generally accepted meaning of terms (of a statute) by the opinion or action of executive or administrative officers” may not enlarge upon the clear effect of a statute. "In the final analysis, the interpretation of statutes is for the courts, and the enlargement or amendment thereof is solely a legislative prerogative. (See McKinney’s Cons. Laws of N. Y., Book 1, of Statutes, § 129.)” (Thruway Motel of Ardsley v Hellman Motel Corp., 11 Misc 2d 418, 422.)
Certain other opinions of the Attorney-General (Feb. 27, 1978; 1976 Opns Atty Gen 130, 131-132; 1977 Opns Atty Gen 151, 153) and a separate opinion by the State Comptroller (May 18, 1978) would appear to be at some variance with the now suggested pertinent section of the Military Law under scrutiny.
The language of the February 27, 1978 opinion addressed to the counsel for the Division of Veterans’ Affairs of the State, in referring to an informal opinion of the Attorney-General in 1976 that "military leave benefits are available only when an actual conflict in fact exists between work time and ordered military duty, including necessary travel to and from the scheduled military training facility or site. These military leave benefits can only be utilized when the employee is in fact on ordered military duty, and is also scheduled to be in work on the designated military date. If the employee is not scheduled to be in work, then there is no authority for the charging of that time against the thirty-day military leave as set forth in subdivision 5 of section 242.” (Italics supplied.) The headnote to that opinion reads:
"military law, § 242, subd. 5
"Personnel may be charged with military leave under section 242, subdivision 5 of the Military Law only when an actual conflict in fact exists between a scheduled work day *1052 and ordered military duty, including necessary travel to and from the scheduled military training facility.”
The March 1, 1976 opinion (1976 Opns Atty Gen 130) to the Acting Corporation Counsel of Niagara Falls deals with the subject of military leave benefits under the applicable section of the Military Law, and the headnote there states the rule as: "Military leave benefits of Section 242 of the Military Law must be granted when a conflict between work time and military duty exists.”
The State Comptroller rendered an opinion to the Personnel Director of the City of Oneonta on May 18, 1978 (78-326) in which the theme of work day as opposed to calendar day is carried through.
It is urged by the defendants that the position they take in interpreting subdivision 5 of section 242 of the Military Law as being based on 30 calendar days a year is reasonable and rational, and that it appears to have been a policy followed by the State for sometime (citing the opinions of the Attorney-General set forth above).
Also presented on this argument by the defendants, are the "Attendance Rules Manual for State Agencies, § 21.12, pp 1 through 9, as promulgated by the New York State Office of General Services.” The manual treats the provisions of the Military Law as referring to calendar days rather than work days, and the State Department would argue that the clear meaning of the statute was that military leave benefits should not be computable "until thre is an actual conflict between work and military duty”, but that once the military leave commences, it continues on through work days and nonwork days alike until a total of 30 such leave days have been computed. The defendants further argue that had the Legislature intended to use the term "work days”, it would have expressed itself in exactly those terms rather than in the use of the word "days.” In this connection the State urges upon the court employment of section 20 of the General Construction Law which defines "days” in statutory language as connoting a 365-day year and a 7-day week. Continuing its argument against the work day versus calendar day treatment, the State further argues that the net effect of eliminating work days in computation would be to extend the 30-day statute limitation to a 42-day extended period. The reference just made to legislative intent in the use of the word "days” *1053 turns our attention to subdivision 2 of section 42 of the Military Law. That section reads: "Leave of absence while engaged in performance of ordered military duty. Every public officer or employee shall be entitled to absent himself and shall be deemed to have a leave of absence from his duties or service as such public officer or employee while engaged in the performance of ordered military duty and while going to and returning from such duty.”
It would appear therefrom that the leave of absence provided for in the statute was not merely a leave of absence from regular place of residence or community but rather "from his duties or service as such public officer or employee”. This is persuasive on the court as meaning that the word "days” as used in the statute relate to work days as opposed to calendar days.
In Matter of Fenton v Randolph (92 Misc 2d 514), which dealt with an interpretation of subdivision (b) of section 98 and section 74-a of the Public Officers Law, was a case in which the court made the following observation (p 517): "Not only should a statute be construed as a whole and all parts of an act be read and construed together to determine the legislative intent (Levine v Bornstein, 4 NY2d 241), but basic to the interpretation of any statute is the general spirit and purpose underlying its enactment and that consideration is to be preferred which furthers its object, spirit and purpose (Williams v Williams, 23 NY2d 592; Rankin v Shanker, 23 NY2d 111; People v Kaye, 212 NY 407, mot for rearg den 213 NY 648; McKinney’s Cons Laws of NY, Book 1, Statutes, § 96). Where a statute is ambiguous, it should be construed according to its apparent general purpose with a view to executing the design and purpose of the act (Drew v Village of White Plains, 157 App Div 394) and, indeed, its inherent purpose should point the direction of its interpretation (Farrell v New York Evening Post, 167 Misc 412).”
The conclusion is reached by this court, predicated upon all the foregoing, that the statute (Military Law, § 242, subd 5) should be read as referring to work days rather than calendar days.
Plaintiff's motion is granted, and defendants’ cross motion denied, both without costs.