In the Matter of RICHARD FAUGHNAN, Respondent, v CITY OF BINGHAMTON et al., Appellants. (Proceeding No. 1.)

In the Matter of JOHN SKINNER, Respondent, v CITY OF BINGHAMTON et al., Appellants. (Proceeding No. 2.)

Third Department, December 6, 1979

APPEARANCES OF COUNSEL

*John W. Park, Corporation Counsel (Kenneth Auerbach* of counsel), for appellants.

*Earl D. Butler, P. C.,* for respondents.

## OPINION OF THE COURT

STALEY, JR., J.

Petitioners are members of the Police Department of the City of Binghamton, the petitioner Richard Faughnan, having become a member on January 26, 1952, and the petitioner John Skinner, having become a member on May 1, 1947. Petitioner Richard Faughnan suffered a heart attack in the performance of his duties on December 8, 1972. Petitioner John Skinner suffered a heart attack in the performance of his duties on September 27, 1975. As a result, petitioners were continued on the payroll of the City of Binghamton pursuant to section 207-c of the General Municipal Law since they have been unable to perform their regular duties.

On December 27, 1978, respondent City of Binghamton, by its Director of Personnel, filed applications on behalf of the petitioners with the New York State Policemen's and Firemen's Retirement System for accidental disability retirement benefits. The State Comptroller disapproved the applications on the ground that the cause of disability does not constitute an accident within the meaning of section 363 of the Retirement and Social Security Law. Respondent city then notified petitioner Richard Faughnan that an ordinary disability retirement application would be filed on his behalf if he had not already done so, and notified petitioner John Skinner that if he did not file for regular retirement by April 10, 1978, the city would have no choice but to drop him from the payroll. These proceedings, pursuant to CPLR article 78, were commenced on April 21, 1978 by orders to show cause containing temporary restraining orders.

Both petitioners had elected to contribute to the Policemen's and Firemen's Retirement System on the basis of retirement upon completion of 25 years of service pursuant to subdivision a of section 384 of the Retirement and Social Security Law, and both had elected to receive the additional benefits provided by subdivision f of section 384 for service after 25 years. The additional benefits consist of an additional pension of one sixtieth of final average salary for each completed additional

year of service after 25 years. Both petitioners have completed 25 years of service, but have not attained the age of 62 years, which is the mandatory retirement age under subdivision h of section 384 of the Retirement and Social Security Law.

Subdivision h of section 384 provides, in part, as follows: "Any officer or member who elects to receive such benefits shall be separated from service on the first day of the calendar month next succeeding his attainment of age sixty-two and the completion of twenty-five years of service, provided, however, that in the case of any officer or member who attained the age of sixty-two before his employer assumed the additional cost therefor, or who attains the age of sixty-two within one month after his employer assumes the additional cost therefor, to be eligible for additional pension credit under subdivision f of this section, his service shall be terminated and he shall be retired within three months after his employer assumes the additional cost therefor or on or before December thirty-first, nineteen hundred sixty-eight, whichever shall last occur".

Both petitioners have been on the payroll of the respondent city, pursuant to the provisions of subdivision 1 of section 207-c of the General Municipal Law, which provides for the payment of the full amount of the regular salary of a police officer who is injured in the performance of his duties, or is taken sick as a result of the performance of his duties, until the disability arising therefrom has ceased, in addition to the payment by the municipality for all medical treatment and hospital care necessitated by reason of such injury or illness. Subdivision 2 of section 207-c of the General Municipal Law provides for discontinuance of regular salary if an accidental disability retirement allowance is granted pursuant to section 363 of the Retirement and Social Security Law or similar accidental disability pension provided by the pension fund of which the officer is a member.

Subdivision 5 of section 207-c provides, in part, as follows: "If such policeman is not eligible for or is not granted an accidental disability retirement allowance or similar accidental pension, he shall not be entitled to further payment of the full amount of regular salary or wages, as provided by subdivision one of this section, after he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable law for the termination of his service."

Respondents admit that petitioners have not attained the mandatory service retirement age of 62 years applicable to them, but contend that the words "or shall have attained the age or performed the period of service specified by applicable law for the termination of his service" are applicable to petitioners, and they, having performed 25 years of service, are subject to termination, and the Police Chief may file an application for ordinary disability benefits on their behalf. Special Term disagreed and awarded judgment granting the relief demanded in the petition.

Respondents are attempting to interpret the language of subdivision 5 of section 207-c to mean that if the member has elected retirement after 25 years' service and has performed 25 years' service, 25 years is "the period of service specified by applicable law for the termination of his service." This interpretation disregards the fact that a member who has performed 25 years of service is not required to retire, but may continue in service and earn additional retirement benefits. When the language of subdivision 5 of section 207-c of the General Municipal Law is construed, together with the provisions of subdivision h of section 384 of the Retirement and Social Security Law, the meaning and intent of the Legislature become clear. Subdivision h provides for the termination of a member who attained the age of 62 before his employer assumed the additional cost of the benefits provided by section 384, or attained that age within one month after such assumption at specified times. In reading the provisions of subdivision 5 of section 207-c of the General Municipal Law, together with the provisions of subdivision h of section 384, we are mindful of the fact that there exist different mandatory retirement categories for those under 62 and over 62 years of age at the time the employer assumed the cost of benefits under section 384, which categories are governed by that part of subdivision 5 stating "or performed the period of service specified by applicable law for the termination of his service." This language applies to those members who attained the age of 62 prior to, or within one month of the assumption of the additional cost by the employer whose service is required to be terminated at specified times under subdivision h in order for that member to be eligible for the additional benefits under subdivision f. Nowhere in the General Municipal Law, or in the Retirement and Social Security Law, is there any provision for separation or termination of service, except on a

voluntary basis, for a member under age 62 who has performed 25 years' service, except for reasons or cause not pertinent herein.

Petitioners are not required to apply for ordinary disability retirement benefits at this time, and are entitled to continue to receive the benefits provided by section 207-c of the General Municipal Law. (CF. *Cook v City of Binghamton,* 48 NY2d 323.)

The judgments appealed from should, therefore, be affirmed.

MAHONEY, P. J., GREENBLOTT, MAIN and MIKOLL, JJ., concur.

Judgments affirmed, without costs.