■ CHARLES J. SCHAMPIER, Respondent, v OFFICE OF GENERAL SERVICES OF THE STATE OF NEW YORK et al., Appellants.—Appeal from a judgment of the Supreme Court at Special Term, entered June 5, 1979 in Albany County, which granted plaintiff's motion for summary judgment and declared that subdivision 5 of section 242 of the Military Law entitles public employees to 30 working days of paid military leave during a calendar year. We are here concerned solely with an interpretation of subdivision 5 of section 242 of the Military Law, the pertinent part of which reads as follows: "Every public officer or employee shall be paid his salary or other compensation * * * for any and all periods of absence while engaged in the performance of ordered military duty * * * not exceeding a total of thirty days in any one calendar year". Respondent, a public employee, spent 31 calendar days on active military duty in the year 1978. Such period, however, conflicted with only 24 of his working days. Appellants, pursuant to "attendance rules", determined respondent had used more than the 30 days paid leave allowed by the statute. The instant action was commenced seeking a declaration that appellants' interpretation of the statute to mean 30 calendar days was invalid. Special Term, in granting summary judgment, agreed with respondent. This appeal ensued. Initially, we point out that, in our view, the issue is one of law more appropriate for judicial rather than administrative resolution *(Matter of Van Teslaar [Levine],* 35 NY2d 311). We must, there-

fore, ascertain from the language of the statute the intent of the Legislature and apply it to the instant factual situation in a matter consistent with that intent *(Rankin v Shanker,* 23 NY2d 111). The question thus narrows to what the Legislature intended by the language "not exceeding a total of thirty days in any one calendar year". The critical word is "days". The common and ordinary definition of a day is that period of time which begins at midnight and continues for 24 hours thereafter. There is nothing in this statute clearly indicating a different meaning. Consequently, the ordinary meaning should be applied (McKinney's Cons Laws of NY, Book 1, Statutes, § 232). The respondent would have us read in the additional word "working" as applied to days. It is well established that we should not read words into a statute to give it a meaning not otherwise found therein (McKinney's Cons Laws of NY, Book 1, Statutes, § 92; *Matter of Thuerer [Trustees of Columbia Univ. in City of N. Y.—Ross],* 59 AD2d 196, 199). This is particularly so in view of the fact that the Legislature could easily have used the words "working days" if such were their intent. It is our opinion that a fair reading of the statute, in light of the foregoing, compels a conclusion that the word "days" means calendar days and not working days as urged by respondent *(Matter of Faughnan v City of Binghamton,* 71 AD2d 235). Special Term, therefore, erroneously concluded otherwise. There must be a reversal and a declaration stating that the 30-day military leave period provisions of subdivision 5 of section 242 of the Military Law should be construed to mean 30 calendar days. Judgment reversed, on the law, without costs, and judgment granted in favor of appellants declaring that the phrase "not exceeding a total of thirty days in any one calendar year" contained in subdivision 5 of section 242 of the Military Law should be construed to mean 30 calendar days. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur. [99 Misc 2d 1049.]