[No. 12696–2–I.   Division One.   September 23, 1985.]

GLACIER SPRINGS PROPERTY OWNERS ASSOCIATION,
*Appellant,* v. GLACIER SPRINGS ENTERPRISES,
INC., ET AL, *Defendants,* THE BALLARD
COMPANY, INC., ET AL,
*Respondents.*

*Douglas R. Shepherd,* for appellant.

*William R. Hickman* (of *Reed, McClure, Moceri, Thonn*

*& Moriarty*), for respondents.

WEBSTER, J.—The Glacier Springs Property Owners Association (Association) appeals a summary judgment and an order denying a motion for reconsideration. The trial court dismissed Association's claims against The Ballard Company, Inc. (Ballard), and Charles Robson based on the court's determination that the claims were barred by RCW 4.16.310. We reverse.

## FACTS

In 1971 Ballard contracted with Glacier Springs Enterprises, Inc. (Enterprises), to design and install a water system in Divisions 1, 2 and 3 of the Glacier Springs Development, situated in Whatcom County, Washington. The water system was designed by Charles Robson, an engineer employed by Ballard. Although the design indicated the future location of a water storage tank, Ballard did not contract to install the tank. The water storage tank was installed by Mt. Baker Silo Company in July 1973.

Subsequent to the installation of the water storage tank leaks were discovered in the water service lines. On July 21, 1980, Association brought suit against Enterprises, Calvin and Jane Doe Roper,[1] Ballard, and Charles and Jane Doe Robson alleging negligence in the installation of the water system. Ballard and Robson filed a motion for summary judgment on the basis that the action was barred by the statute of limitations. On November 24, 1982, the trial judge granted their motion, thereby dismissing Association's complaint with prejudice. On December 21, 1982, Association moved for reconsideration based on newly discovered evidence and the allegation that substantial justice had not been rendered. The motion was denied. Association appeals from the order granting summary judgment and the order denying reconsideration.

The issue is whether the trial court erred in holding that

---

[1] The Ropers are not parties to this appeal.

Association's action was barred by RCW 4.16.310. RCW 4.16.310 provides, in part:

All claims or causes of action as set forth in RCW 4.16.300[2] shall accrue, and the applicable statute of limitation shall begin to run only during the period within six years after substantial completion of construction, or during the period within six years after the termination of the services enumerated in RCW 4.16.300, whichever is later. The phrase "substantial completion of construction" shall mean the state of completion reached when an improvement upon real property may be used or occupied for its intended use. Any cause of action which has not accrued within six years after such substantial completion of construction, or within six years after such termination of services, whichever is later, shall be barred . . .

The parties disagree as to when the "substantial completion" occurred. Ballard and Robson argue that since the water distribution system was an "improvement" and was in use before the water tank was installed, substantial completion occurred in September 1972 when the pipes distributing the water were installed. Association contends substantial completion did not occur until the water tank was installed in July 1973.

Robson testified at his deposition that although Enterprises did not retain Ballard to install the water storage tank, his design drawing indicated the future location of the tank. He stated that the health department required water storage, and in order to get approval of the design, he had to indicate that a tank would be installed at some future date.

Two other engineers, on behalf of Association, opined by

---

[2]RCW 4.16.300 provides:

"RCW 4.16.300 through 4.16.320 shall apply to all claims or causes of action of any kind against any person, arising from such person having constructed, altered or repaired any improvement upon real property, or having performed or furnished any design, planning, surveying, architectural or construction or engineering services, or supervision or observation of construction, or administration of construction contracts for any construction, alteration or repair of any improvement upon real property."

affidavit that the water supply system was not capable of being used for its intended purpose until after the water storage tank was installed and hooked up to the system. Although Robson stated that the system operated for nearly a year without the tank, he admitted that only the sales office was being serviced by the system at that time and that without the water storage tank he doubted whether there would have been sufficient water to accommodate peak demands or meet fire protection needs.

■ A summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Wilson v. Steinbach*, 98 Wn.2d 434, 656 P.2d 1030 (1982). Interpretation of a statute is a matter of law. *See Condit v. Lewis Refrigeration Co.*, 101 Wn.2d 106, 676 P.2d 466 (1984).

■ We hold, as a matter of law, that substantial completion occurred at least by July 15, 1973, the date Mt. Baker Silo billed Enterprises for final payment on the water tank installation contract.[3] Based on Robson's testimony, the affidavits of the two engineers mentioned above, and the definition of "substantial completion" found in RCW 4.16.310, we conclude that the water system could not be used for its intended purpose until after the storage tank was installed. Although Ballard and Robson had finished installing the water distribution system in September 1972, RCW 4.16.310 provides that the statute of limitations begins to run "after substantial completion of construction" or "after the termination of the services . . . *whichever is later*." (Italics ours.) Substantial completion of construction occurs when the entire improvement, not merely a component part, may be used for its intended purposes. *Patraka v. Armco Steel Co.*, 495 F. Supp. 1013 (M.D. Pa. 1980).

At the motion for reconsideration, Association presented

---

[3]It is not clear from the record when the water storage tank was installed. However, Robert Hamstra, the owner of Mt. Baker Silo in 1972–73, stated in his affidavit that the tank was installed in July 1973 and the final payment on the contract was billed on July 15, 1973. The parties do not dispute these facts.

newly discovered evidence that the discovery of the leaks in the water pipes occurred in July 1978 instead of October 1978 as alleged earlier. However, because of our determination that substantial completion occurred July 15, 1973, it is immaterial for purposes of this appeal which discovery date is correct. Either discovery date would bring Association's claim within the 6-year statutory accrual period. Therefore, we need not address Association's contention that the trial court erred in denying the motion for reconsideration.

The summary judgment is reversed, and the matter is remanded for trial.

SCHOLFIELD, A.C.J., and GREEN, J., concur.

Reconsideration denied October 31, 1985.

Review denied by Supreme Court December 18, 1985.