Honorable Mary Margaret Haugen Chair, Municipal Research Council 1200 5th Avenue, Suite 1300 Seattle, WA 98101-1159
Dear Senator Haugen:
By letter previously acknowledged, you have requested our opinion on the following question in your capacity as chair of the Municipal Research Council:
Does the military leave statute, RCW 38.40.060, apply to city and countyelected officials?
We conclude that RCW 38.40.060 does not apply to city and county elected officials. Such officials are instead governed by RCW 73.16.041, which provides for an extended leave of absence rather than military leave limited to fifteen days.[1]
 ANALYSIS
Your question relates to the application of RCW 38.40.060, which provides an entitlement of up to fifteen days of military leave for members of the national guard or reserves. RCW 38.40.060. That statute applies, by its terms, to "[e]very officer and employee of the state or of any county, city, or other political subdivision thereof". Id. (emphasis added). While on its face, the word "every" would seem to suggest that the statute includes elected officials, other text within this statute (as well as a more applicable statute) suggests otherwise. See Dep't ofEcology v. Campbell Gwinn, LLC, 146 Wn.2d 1, 11-12, 43 P.3d 4
(2002) (the plain meaning [original page 2] of a statute is "derived from what the Legislature has said . . . in the statute and related statutes which disclose legislative intent about the provision in question"). The statute addresses military service as a type of "leave" and provides that it "shall be in addition to any vacation or sick leave to which the officer or employee might otherwise be entitled, and shall not involve any loss of efficiency rating, privileges, or pay." RCW 38.40.060. These concepts have no apparent application to elected officials, who do not accrue leave and are not supervised or evaluated in the same manner as most public officers and employees. See, e.g., RCW 43.01.040 (providing that "subordinate[2] officers and employees of the . . . state" are entitled to prescribed amounts of vacation leave); RCW 41.06.070(1)(e) (excluding elective officers of the state from the civil service act and thus from the authority of the Personnel Resources Board under RCW41.06.150(9) and (10) to adopt rules governing sick leave, vacations, and hours of work). Elected officials are directly accountable to the voters rather than to a superior in an organizational hierarchy. In this respect, the precise manner in which elected officials perform their duties is entrusted to their sound discretion and to periodic review by the voters. The application of RCW 38.40.060 to elected officials would therefore be problematic at best.
As noted, the statute provides for fifteen days of military leave. The state Court of Appeals has construed this statute as referring to fifteen "working days" as opposed to calendar days. Wash. Fed'n of StateEmployees v. State Pers. Bd., 54 Wn. App. 305, 309, 773 P.2d 421 (1989). In reaching that conclusion, the court explained that "an employee should not be charged with having taken leave from his `employment' on days the employee is not required to be on the job." Id., 54 Wn. App. at 311. The application of that principle to elected officials, who are not governed by fixed working schedules, is not readily apparent.[3]
In context, therefore, RCW 38.40.060 provides for military leave, in addition to vacation and sick leave to which an officer or employee would be otherwise entitled. The statute thus does not address elected officials, who do not accrue leave and who do not require leave in order to meet any military commitment. Accordingly, the statute does not apply to elected officials.
This conclusion is further bolstered by the fact that the Legislature has separately provided for the situation in which "any elective officer of this state or any political subdivision thereof . . . shall enter upon active [military] service or training as provided in RCW 73.16.031,73.16.033, and 73.16.035". RCW 73.16.041. The referenced statutes make clear that to "enter upon active service" includes both the guard and reserve duty covered by RCW 38.40.060 and entry into active duty in the regular armed forces. RCW 73.16.031(12) (defining "service in the uniformed services"); RCW 73.16.031(16) (defining "uniformed services"). RCW 73.16.041 therefore covers both the limited annual duty to which a reservist is subject each year, to which [original page 3] RCW 38.40.060
is addressed, and a call to duty for a longer period (or even a decision to enter the military by one not previously obligated in any way).
This second statute, RCW 73.16.041, provides that when an elected official enters military service, he or she is entitled to "an extended leave of absence" to facilitate that service. RCW 73.16.041. It further authorizes the officer or other entity that would be entitled to make an appointment to fill a vacancy in the elected office to appoint a temporary successor to the position vacated for the purpose of military service.Id. For example, a county commissioner called to military duty is entitled to a leave of absence for that purpose, and if the period of duty is long enough to cause the other commissioners to desire a temporary replacement, they may appoint one. Id.; see also Const. art. II, § 15 (giving the remaining commissioners the power to appoint a successor when a position becomes vacant).
The extended leave authorized by RCW 73.16.041 is not limited to fifteen days of leave, as is the military leave authorized by RCW 38.40.060. If it were so limited, the provision for the appointment of a temporary successor would make little sense. Given the application of RCW 73.16.041, no occasion would arise for an elected official to track or claim leave pursuant to RCW 38.40.060.
In order to correctly determine the meaning of both RCW 38.40.060 and RCW73.16.041, it is necessary to read the two statutes together and to harmonize their terms where possible. "The construction of two statutes shall be made with the assumption that the Legislature does not intend to create an inconsistency. Statutes are to be read together, whenever possible, to achieve a `harmonious total statutory scheme . . . which maintains the integrity of the respective statutes.' " State ex rel.Peninsula Neighborhood Ass'n v. Dep't of Transp., 142 Wn.2d 328, 342,12 P.3d 134 (2000) (citation omitted). In this instance, RCW 73.16.041
tells us that an elected official is entitled to extended leave[4] for the purpose of military duty. At the same time, RCW 38.40.060 addresses a limited amount of leave for national guard or reserve duty. The conclusion that RCW 38.40.060 does not apply to elected officials harmonizes the two statutes both by making it unnecessary to apply a fifteen day limit when another statute provides for extended leave, and by making it unnecessary to apply a concept of limited leave to an official who does not accrue leave.
In this respect, we read the statute as adopting and codifying (not abrogating) the common law principle that military service does not create a vacancy in an office. "In the absence of a statute so providing, absence in the armed forces of the United States does not create a vacancy in office, especially where the law provides for a leave of absence to be granted in such a case". 3 Eugene McQuillin, MunicipalCorporations § 12.100, at 516-17 (rev. vol. 2001).[5]
 [original page 4] The clear purpose behind the statute in question wasto recognize that public officers who perform military service should notbe penalized for it by losing their offices or attendant benefits.
We trust that this opinion will be helpful.
 Very truly yours,
 JEFFREY T. EVEN
 Assistant Attorney General
[1] Your question is limited expressly to city and county elected officials, perhaps because the services of the Municipal Research Council are limited to these entities. RCW 43.110.030. We see no distinction for purposes of your question between city and county officials and other elected officials. We accordingly phrase the discussion that follows in terms of elected officials in general.
[2] Emphasis added.
[3] By previous opinion, we have considered the application of RCW38.40.060 to individuals with non-traditional work patterns. AGO1999 No. 2. We reasoned, consistently with Federation, that "an employee isrequired to use military leave only for those days on which the employeewould otherwise have been required to report for work." Id. at 3. Sincean elected official lacks a fixed working schedule, the statute's conceptof military leave is not directly applicable to elected officials. It isimpossible to say on any particular day whether the elected official was"required" to report for work.
[4] Of course, the statute does not entitle the elected official to continue in office beyond the end of the term to which he or she was elected. RCW 73.16.041 (last sentence).
[5] A series of cases from the World War II era supports this statement in McQuillin. Not surprisingly, the nation's commitment to that war effort resulted in numerous elected officials being called to military service, with accompanying questions as to the status of their elective offices. Most courts concluded that military service did not give rise to a vacancy in the office. See, e.g., Miller v. Robertson, 208 S.W.2d 977,979 (Ky.Ct.App. 1948) (entry into active military service did not createvacancy in office of commonwealth's attorney); McQuaid v. Bd. of Cy.Auditors, 23 N.W.2d 644, 646 (Mich. 1946) (county register of deeds whoenlisted in navy did not vacate office); Kobylarz v. Mercer, 31 A.2d 208,214 (N.J. 1943) (office of mayor did not become vacant when incumbent wascalled to active military duty); State ex rel. McGaughey v. Grayston,163 S.W.2d 335, 337 (Mo. 1942) (state judge did not vacate his officewhen called to active duty in National Guard); City of Lynchburg v.Suttenfield, 13 S.E.2d 323, 326 (Va. 1941) (office not vacated whenincumbent called into active military duty for a temporary, rather thanpermanent, period); State ex rel. Thomas v. Wysong, 24 S.E.2d 463, 466(W.Va. 1943) (holding of temporary commission as officer in the UnitedStates Army did not preclude individual from eligibility for election asAttorney General). At least one court reached a contrary conclusion.See, e.g., Wimberly v. Deacon, 144 P.2d 447, 454 (Okla. 1943) (vacancy created when member of board of regents of state university was called to active military duty). More recently, the Attorney General of Virginia concluded, in an opinion generally consistent with our analysis, that a county treasurer does not relinquish his office when called involuntarily to military duty, may continue to manage the office via Internet and in person when possible, and may continue to receive payment for doing so. Op. Att'y Gen. 2002 WL 331714 (Va. 2002). Since the Washington Legislature specifically provided in RCW 73.16.041 that an elected official is entitled to an extended leave of absence for military service, the Washington law is clearly consistent with the general rule announced in McQuillin.