[No. 7576–8–II.   Division Two.   August 5, 1986.]

CALVIN ROBERTS, JR., *Appellant,* v. CLARK COUNTY
FIRE PROTECTION DISTRICT NO. 4,
*Respondent.*

*Dale V. Whitesides* and *Landerholm, Memovich, Lansverk & Whitesides, P.S.,* for appellant.

*Clark B. Snure, John L. LaLonde,* and *Boettcher, LaLonde, Kleweno, Rutledge & Jahn,* for respondent.

ALEXANDER, J.—Calvin Roberts appeals an order of the Clark County Superior Court dismissing his cause of action against the Clark County Fire Protection District No. 4 for reinstatement of his employment. We affirm.

Roberts began his employment as a Battalion Chief with the District on April 1, 1982. On January 20, 1983, the District's Fire Chief terminated Roberts for no stated reason. Roberts requested that the Fire Chief state the reasons for his termination and, as a result, a hearing was scheduled with the District's Board of Commissioners.

At the hearing, no witnesses were called, although Roberts was allowed to make a statement on his own behalf. After hearing Roberts's statement, one of the Commissioners indicated that "we are taking the recommendation of our Chief and as far as we're concerned, the termination will stand." Another Commissioner stated, "[i]t's on the advice of our attorney that we say no more. That's what we hired him for, was to give us advice."

At the time of Roberts's termination the District was operating under personnel regulations adopted by its Commissioners on July 1, 1976, and supplemented on Septem-

ber 20, 1979. These rules provided for a 12–month probationary period for entrance–level positions. According to the regulations, while a permanent employee could only be terminated for cause, a probationary employee could be terminated by the Fire Chief if, in the opinion of the Chief, the employee was "unfit or unsatisfactory." Under the regulations, dismissal of a probationary employee was not subject to appeal unless a claim was made that the Chief's action "was based on discrimination on account of race or sex." No such claim is made here.

Roberts brought suit in Clark County Superior Court to have his employment reinstated. At the close of Roberts's case, the District moved for dismissal, claiming that Roberts had no right to appeal, his employment having been terminated during the probationary period. The trial court granted the motion, holding that Roberts had failed to make a prima facie case for relief. Roberts appeals that decision to this court.

When the trial court has held as a matter of law that a plaintiff has not established a prima facie case, the appellate court must view the evidence in the light most favorable to the plaintiff and determine only whether the trial court correctly applied the law in sustaining the challenge to the evidence. *N. Fiorito Co. v. State,* 69 Wn.2d 616, 620, 419 P.2d 586 (1966). *Accord, Spring v. Department of Labor & Indus.,* 96 Wn.2d 914, 640 P.2d 1 (1982).

Here, the issue of law is whether a probationary period of 12 months, as provided for in the District's regulations, contravenes state statute and is unlawful. Roberts argues that it is. He contends that the District adopted a "Civil Service" system for its employees when it adopted its rules and regulations in 1976 and supplemented them in 1979. He asserts that when a district adopts such a system, it must be totally consistent with the provisions of former RCW 52.36.060, which provides in part, as follows:

Any fire protection district organized and existing under chapter 34, Laws of 1939, and subsequent amendments thereof, having a full paid fire department, *shall*

*have authority* by resolution of its board of fire commissioners to provide for civil service in its fire department in the same manner with the same powers and with the same force and effect as to such districts as that provided by chapter 41.08 RCW, for cities, towns, and municipalities . . .[1]

(Italics ours.) Roberts asserts that this statute dictates that the resulting Civil Service system must be consistent with the provisions of RCW 41.08.

Roberts concedes that he had not been employed with the District for 12 months when he was fired. However, he contends that because RCW 41.08.100 provides for probationary periods of 3 to 6 months,[2] the 12–month period provided for in the District's regulations is an unlawful extension of the probationary period.

Roberts's argument is based upon his assertion that RCW 52.36.060 is ambiguous and must be interpreted to require fire districts to follow RCW 41.08 if they adopt a civil service system at all. We disagree. The statute is subject to only one reading. Where the language of a statute is plain, there is no room for construction, and the meaning of the statute will be discovered from the wording itself. *State v. Houck,* 32 Wn.2d 681, 203 P.2d 693 (1949). *See also King Cy. v. Graf,* 39 Wn. App. 433, 693 P.2d 738 (1985). RCW 52.36.060 merely authorizes a fire district to adopt a civil service system like the one found in RCW 41.08 if it does so by resolution. RCW 52.36.060 does not require the adoption

---

[1]This section, now RCW 52.30.040, differs in that it reads at present:

"A fire protection district with a fully–paid department *may,* by resolution of its board of fire commissioners, provide for civil service . . ." (Italics ours.)

[2]RCW 41.08.100 provides, in part:

"To enable the appointing power to exercise a choice in the filling of positions, no appointment, employment or promotion in any position in the classified service shall be deemed complete until after the expiration of a period of three to six months' probationary service, as may be provided in the rules of the civil service commission during which the appointing power may terminate the employment of the person certified to him, or it, if during the performance test thus afforded, upon observation or consideration of the performance of duty, the appointing power deems him unfit or unsatisfactory for service in the department."

of such a system.

■ Further, even if the statute is ambiguous, Roberts's interpretation of the statute is unreasonable. Ambiguous statutes should be interpreted in a reasonable manner, and in accordance with the intent of the legislative body. *Human Rights Comm'n v. Cheney Sch. Dist. 30,* 97 Wn.2d 118, 121, 641 P.2d 163 (1982). To give effect to the legislative intent, the statute must be read as a whole. *Condit v. Lewis Refrigeration Co.,* 101 Wn.2d 106, 110, 676 P.2d 466 (1984). Intent should not be determined by a single sentence. *Human Rights Comm'n,* 97 Wn.2d at 121.

■ When RCW 52.36.060 is read together with RCW 41.08, it is evident that the Legislature did not intend to require that a district comply in every respect with RCW 41.08 when adopting a civil service system. RCW 41.08.010 provides that civil service system provisions for city firemen shall not be applicable to those departments whose own regulations substantially accomplish the purpose of RCW 41.08. If the Legislature believed it acceptable for cities to adopt regulations for their fire departments that substantially comply with RCW 41.08, surely they did not intend to require fire districts to follow RCW 41.08 explicitly. It is more reasonable and consistent with a fair reading of the statutes in question to authorize fire districts to have their own regulations, if those rules substantially accomplish the purposes of RCW 41.08.

In our opinion, the District rules accomplish the same purpose. They provide for job classifications, criteria for discipline, procedures for discipline, and appeals procedures. Although the probationary period provided for in the District's regulations is somewhat longer than that provided in RCW 41.08.100, it is not inconsistent with the purpose of such a period. Further, dismissal during the probationary period under both RCW 41.08.100 and the District's rules shall be for being "unfit or unsatisfactory for service".

The District did not, by resolution, adopt a civil service system like the one provided for in RCW 41.08. A system meticulously complying with the statute need not be

adopted, and can only be adopted by specific resolution. The District's regulations do not violate RCW 52.36.060 and RCW 41.08 and, therefore, are valid. Because Roberts was dismissed pursuant to the District's valid rules, the trial court was correct in concluding that Roberts failed to make a prima facie case for relief.

We affirm.

WORSWICK, C.J., and GREEN, J., concur.