David LARA, Plaintiff,

v.

Charles E. COWAN, et al., Defendants.

No. Civ 93–1429–PHX–SMM.

United States District Court,
D. Arizona.

Feb. 8, 1994.

Alan M Kyman, Phoenix, AZ, for plaintiff.

Rebecca Smith Currey, Asst. Atty. Gen., Phoenix, AZ, for defendants.

## MEMORANDUM OF DECISION AND ORDER

McNAMEE, District Judge.

### BACKGROUND

Plaintiff David Lara brought this action for declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and for injunctive and monetary relief under 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his due process rights by (1) suspending him from his position with the Arizona Department of Economic Security ("DES") for forty hours in April of 1992, and (2) then reassigning him at a lower grade position.

In 1989, Plaintiff held a Grade 21 position as Administrative Services Officer II. In late February of 1989, Plaintiff accepted a mobility assignment as DES Bureau Chief II, a Grade 23 position. In August 1992, Plaintiff accepted another mobility assignment as the Acting Mental Retardation Center Superintendent, a Grade 25 position.

In April, 1992, DES suspended Lara from his Grade 25 position. Upon completion of a five day suspension, DES reassigned Plaintiff as Administrative Services Officer II, a Grade 21 position. DES did not provide Plaintiff with notice or a hearing regarding either the suspension or the reassignment.

### STANDARD OF REVIEW

A complaint should be dismissed if it appears beyond doubt that a plaintiff can prove no set of facts in support of a claim which would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Hunt–Wesson Foods, Inc. v. Ragu Foods,* 627 F.2d 919, 924 (9th Cir.1980), *cert. denied,* 450 U.S. 921, 101 S.Ct. 1369, 67 L.Ed.2d 348 (1981).

In deciding a motion to dismiss, a court must presume all factual allegations of the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Miree v. DeKalb County, Georgia,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 2492, 53 L.Ed.2d 557 (1977); *Western Mining Council v. Watt,* 643 F.2d 618, 624 (9th Cir.), *cert. denied,* 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981). However, legal conclusions or characterizations in a complaint do not preclude disposal of a case on a motion to dismiss merely because they are cast in the form of factual allegations, as such conclusions or characterizations are not entitled to a presumption of truthfulness. *Id.* at 624.

### DISCUSSION

Plaintiff alleges that Defendants violated his due process rights by suspending and reassigning him without notice of the charges against him and an opportunity to be heard. Procedural due process does not apply every time someone is denied a right, privilege, or benefit. Rather, in order to be

entitled to procedural due process within the meaning of the Fourteenth Amendment, a person must have a protected life, liberty, or property interest. *See* U.S. Const. amend. XIV, § 2; *Carey v. Piphus,* 435 U.S. 247, 259, 98 S.Ct. 1042, 1050, 55 L.Ed.2d 252 (1978).

## A. Property Interest

### 1. *The Suspension*

 Lara can only have a constitutionally protected property interest regarding his employment if he has a reasonable expectation or a "legitimate claim of entitlement" to it, rather than his own subjective "unilateral expectation." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). A legitimate claim of entitlement exists only if it is created by "existing rules or understandings that stem from an independent source such as State law." *Id.* Thus, it is state law which defines what is a property interest that is subject to the due process protections of the Fourteenth Amendment. *Brady v. Gebbie,* 859 F.2d 1543, 1548 (9th Cir.1988) (citing *Roth* ), *cert. denied,* 489 U.S. 1100, 109 S.Ct. 1577, 103 L.Ed.2d 943 (1989); *Door v. County of Butte,* 795 F.2d 875, 876 (9th Cir.1986) (citing *Roth* ). Hence, Lara only possesses a property interest in his job if Arizona law creates a property interest.

 A state law limiting the grounds upon which an employee may be disciplined, demoted, or discharged, such as conditioning such actions upon a finding of "good cause," creates a reasonable expectation of continued employment, and thus a protected property right. *Brady,* 859 F.2d at 1548; *Door,* 795 F.2d at 878. On the contrary, where state employees serve at the will of the appointing authority, there is no reasonable expectation of continued employment, and thus, no property right. *Id.; see also Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976).

Arizona personnel statutes specifically exempt all top level management positions from the normal Department of Administration regulations which require a finding of "cause" for suspension of employees. *See* A.R.S. § 41–771(B)(1). Lara's Grade 25 mobility position was exempted pursuant to A.R.S. § 41–771(B)(1) since he reported directly to the DES Assistant Director. *See* Complaint at ¶¶ 4 and 25. He therefore had no reasonable expectation of continued employment in the Grade 25 position under Arizona state law. There is thus no entitlement to a due process hearing regarding his suspension.

### 2. *The Return to Grade 21*

 Arizona Administrative Code § R2–5–604(A) governs mobility assignments within the DES. It provides that when a permanent status employee who occupies a covered position accepts a mobility assignment to an uncovered position, "the employee shall have the right to return to a position in the agency in the employee's former class, with the same status held prior to the mobility assignment." AC–R2–5–604(A). Under this regulation, Lara possessed no property interest in either the Grade 23 or the Grade 25 mobility assignments. The only property interest AC–R2–5–604(A) guarantees Lara is that he was entitled to return to a DES position in his "former class, with the same status held prior to the mobility assignment" after his mobility assignments were terminated.

Arizona Administrative Regulation R2–5–101(11) defines "class" as:

> a group of positions sufficiently similar as to duties performed, scope of discretion and responsibility, minimum requirements of training, experience, or skill, and such other characteristics that the same title and the same pay grade apply to each position in the group.

Since Lara had no property interest in a Grade 23 or 25 position, he was not entitled to due process within the meaning of the Fourteenth Amendment regarding his reassignment to Grade 21.[1]

---

1. The Court notes, however, that while Plaintiff had no property interest in the Grade 23 or Grade 25 position, he did have a property interest in his Grade 21 position by operation of R–2–5–101(11). Whether Lara was reassigned to the same former "class" despite the same Grade 21 rank is a question of fact that is not properly addressed in a 12(b)(6) Motion to Dismiss.

## B. Liberty Interest

■ Plaintiff argues, separate and apart from any property interest that may be applicable to his due process claims, that he has a protected liberty interest that was implicated by his suspension and reassignment. Because a failure to prevail on a property claim does not preclude a properly asserted liberty claim, Plaintiff's assertion is well-founded. *See, e.g., Brady*, 859 F.2d at 1553; *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1317 (9th Cir.1984).

■ A liberty interest is implicated in the employment termination context if the charge impairs a reputation for honesty, morality, honor, or integrity. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Brady*, 859 F.2d at 1552 (quoting *Matthews v. Harney County Or. School Dist.*, 819 F.2d 889, 891 (9th Cir. 1987)); *Smith v. Pima County Law Enforcement Council*, 113 Ariz. 154, 548 P.2d 1151 (1976). Plaintiff asserts the letter issued to him effectuating his suspension letter condemned him for endangering the health, safety, and welfare of a child, and thus implicates a protected liberty interest.

> In *Roth*, the Supreme Court explained: "Where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and opportunity to be heard are essential. In such a case due process would accord an opportunity to refute the charges."

*Roth*, 408 U.S. at 573, 92 S.Ct. at 2707.

Citing *Vanelli v. Reynolds School Dist. No. 7*, 667 F.2d 773 (9th Cir.1982), Defendants contend that the protections annunciated in *Roth* only apply if the charges impair an employee's reputation for honesty or morality. The Court finds this unpersuasive, as such a contention is a very narrow interpretation of *Vanelli*. *Vanelli* did, in fact, state that a liberty interest is implicated "if a charge impairs [one's] reputation for honesty or morality." *Id.* at 777. *Vanelli*, however, did not limit liberty interests to these criteria. In fact, the Court in *Vanelli* went on to state that a liberty interest is implicated when a charge "might seriously damage [one's] standing and associations in the community." *Id.* at 777, n. 5 (quoting *Stretten v. Wadsworth Veterans Hosp.*, 537 F.2d 361, 365 (9th Cir.1976)).

In a more recent decision, the Ninth Circuit explained, "[a] state's accusations against an employee do not implicate a constitutional liberty interest unless they seriously damage his community standing and associations or foreclose his freedom to pursue other employment." *Wheaton v. Webb–Petett*, 931 F.2d 613, 617 (9th Cir.1991) (citing *Roley v. Pierce County Fire Protection Dist. No. 4*, 869 F.2d 491, 495 (9th Cir.1989)). Thus, the Ninth Circuit explained, "it is the nature of the charges, not their actual consequences, that determines whether they implicate a liberty interest." *Id.* at 617.

> Charges that carry the stigma of moral turpitude may implicate a liberty interest, but charges of incompetence or inability to get along with others do not. We must also distinguish charges that simply reduce economic rewards and · diminish prestige from those with more serious consequences, such as a protracted hiatus in employment or a permanent exclusion from a profession or trade.

*Id.* (citing *Roley*, 869 F.2d at 496).

There is no doubt that the language in *Roth* is broader than the language used in several of the Ninth Circuit opinions discussed above. Given, however, that the charge in this case condemned Plaintiff for endangering the health, safety, and welfare of a child, this Court cannot say at this early stage in the litigation whether such an accusation might cause Plaintiff "a protracted hiatus in employment or a permanent exclusion from a profession or trade." *Id.* Plaintiff's Complaint does allege that the action taken by DES "challenged his reputation for truth and veracity, thereby impairing his ability to continue his employment in the future." [Complaint ˙ at ¶ 30]. ¨ Plaintiff's Complaint also alleges his reputation has been "irreparably harmed." [Complaint at ¶ 46]. Given these allegations which the Court must accept as true for the purposes of a 12(b)(6) Motion to Dismiss, whether the Plaintiff has a protected liberty interest involves certain questions of fact that are more

appropriately suited for a motion for summary judgment when the Court can consider evidence offered in affidavits. At this point, it would appear that a liberty interest may be implicated.

The existence of protected liberty interest alone, however, is not sufficient to trigger Fourteenth Amendment procedural due process protections. As the Court in *Vanelli* made clear,

> the procedural protections of due process apply if the accuracy of the charge is contested, there is some public disclosure of the charge, and [the charge] is made in connection with the termination of employment or the alteration of some right or status recognized by state law.

*Vanelli*, 667 F.2d at 777–78 (citing *Codd v. Velger*, 429 U.S. 624, 627–28, 97 S.Ct. 882, 884, 51 L.Ed.2d 92 (1977)). Applying these criteria to the present case, it is clear that the Motion to Dismiss must be denied. First, Plaintiff does challenge the accuracy of the charges in the suspension letter. Second, Plaintiff asserts that the attendant publicity surrounding his suspension and demotion made it public knowledge that he was "persona non grata" at DES. [Complaint at ¶ 44]. Finally, the Court must accept as true the contention that the charges which condemned Plaintiff for endangering the health, safety, and welfare of a child may be "stigmatizing" insofar as the possibility of taking advantage of other employment opportunities may be foreclosed for Plaintiff. *See, e.g., Roth*, 408 U.S. at 573, 92 S.Ct. at 2707.

## CONCLUSION

 There is a strong presumption that a public employee is entitled to some form of notice and opportunity to be heard before being deprived of a property or liberty interest. *Vanelli*, 667 F.2d at 778 (citing *Goss v. Lopez*, 419 U.S. 565, 574–75, 95 S.Ct. 729, 736, 42 L.Ed.2d 725 (1975)). For the reasons set forth above, the Court holds that the Plaintiff has set forth a prima facie case of deprivation of due process in connection with suspension and reassignment within the Arizona Department of Economic Security. Plaintiff Lara has never been given an opportunity to clear his name. *Roth* mandates

that Plaintiff be afforded notice and an opportunity to be heard. *Roth*, 408 U.S. at 573, 92 S.Ct. at 2707. As Defendants have failed to provide an opportunity to be heard, this Court must serve as the forum for Plaintiff to do so. The Defendant's Motion to Dismiss is therefore denied.

## ORDER

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss is hereby **DENIED.** [DOC # 3–1].