46 F.3d 1142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James JACKSON, Plaintiff - Appellant,
v.
COUNTY OF LOS ANGELES; William Stewart, Director, Internal
Services Department, both individually & as Director; Fred
C. Williams, Relations Representative, IRS, both
individually & in his official capacity, Defendants - Appellees.
 No. 93-56064.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 8, 1994.*
Decided: Jan. 4, 1995.
 
 Before: FARRIS, POOLE, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. JACKSON'S Sec. 1983 CLAIMS
 
 2
 Los Angeles County suspended Jackson for fifteen days for misusing a firearm and for leaving his post without authorization. Later Los Angeles County reassigned Jackson to an unarmed position. Jackson contends that these actions violated his rights under Sec. 1983. We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). We view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact, and whether the district court correctly applied the relevant substantive law. Id. We affirm the district court's minute order granting summary judgment.
 
 
 3
 To state a cause of action under Sec. 1983, Jackson must show that defendants acted under state law and have deprived Jackson of rights secured by the Constitution or federal law. Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990). Jackson alleges that defendants violated his rights by (1) depriving him of a property interest in employment without due process of law; (2) depriving him of a liberty interest in his good reputation without due process of law; (3) violating his First Amendment rights by sanctioning him for his participation in union meetings; and (4) depriving him of his right to work overtime and to be armed with a firearm while working. None of these allegations have merit.
 
 
 4
 Jackson may have a constitutionally protected property interest in continued employment, Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 475 (9th Cir. 1991), but he has failed to state a claim for a deprivation of that right because he cannot claim to have been discharged or even constructively discharged. To establish a constructive discharge, Jackson must show that a reasonable person would be forced to quit because of intolerable and discriminatory working conditions. Watson v. Nationwide Ins. Co., 823 F.2d 360, 361 (9th Cir. 1987). Jackson has neither quit nor resigned, nor has he been discharged or demoted. Furthermore, a fifteen day suspension and being prohibited from carrying a firearm while on duty are not intolerable and discriminatory working conditions.[1]
 
 
 5
 Jackson's second due process claim also fails. Sanctions for violations of official policy do not infringe on a liberty interest. See Roley v. Pierce County Fire Protection Dist. No. 4, 869 F. 2d 491, 495 (9th Cir. 1989) (lack of competence charge does not infringe on a liberty interest).
 
 
 6
 Jackson has not shown a violation of his First Amendment rights. He has not alleged any facts proving that he was disciplined for attending a union meeting. Instead, the record shows he was disciplined for misusing a firearm and for leaving his post without authorization. Even the Civil Service Commission found that "the Department acted in good faith against [Jackson] and was not motivated by his union activities."
 
 
 7
 Finally, Jackson has not shown that the Constitution or any federal law gives him a right to work overtime or a right to carry a firearm at work.
 
 
 8
 Because Jackson's claims are frivolous, we need not address whether the officers or Los Angeles County have immunity.
 
 
 9
 None of Jackson's other arguments have any merit. When the government filed its motion for summary judgment, Jackson's attorney filed a "cross-motion for summary judgment" rather than a response. The district court struck the cross-motion because it was filed eleven days after the district court's deadline for motions other than discovery requests. The court's action was proper. In any event, the record supports the district court's grant of the government's motion for summary judgment, and even if it had been accepted, Jackson's late-filed motion for summary judgment would have been denied.
 
 
 10
 Jackson's attorney also contends that the district court did not give full faith and credit (under 28 U.S.C. Sec. 1738) to the Civil Service Commission's findings. It is not clear whether the district court considered these findings, but that fact is irrelevant because the Commission's findings support the government's position, not Jackson's. The Commission found that Jackson "unholstered his weapon in violation of Departmental Memorandum of Policy and Procedure Section 2.0300." The Commission did find that Jackson's immediate superiors knew that Jackson would leave his post to attend the union meetings. Yet, the Commission never found that leaving his post was permissible. Indeed, the commission found that the Department did not act with anti-union animus.
 
 II. COSTS AND ATTORNEYS' FEES
 
 11
 The action is frivolous because the result is obvious and Jackson's arguments are wholly without merit. Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994), cert. denied 63 U.S.L.W. 3386 (1994). Pursuant to Ninth Circuit Rule 39-1.6, appellees may file an itemized proposal of their attorneys' rates and hours worked within 14 days of the filing of this memorandum disposition. Jackson may file a simultaneous response in opposition to an award of attorneys' fees.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Jackson makes the wholly unsupported claim that he was subjected to intolerable working conditions because during the riots he was placed "on the streets of Los Angeles" without a weapon. Jackson was assigned to stationary guard duty inside a building, not patrol, and there is nothing in the record to indicate that he was required to engage in riot control at all, much less do so while unarmed