**Robert L. WRIGHT, Plaintiff—Appellant,**

v.

**Joseph LEHMAN, Defendant—Appellant.**

No. 99–35664.

D.C. No. CV–98–05675–RJB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 16, 2001.

Decided Feb. 28, 2001.

---

Appeal from the United States District Court for the Western District of Washington, Robert J. Bryan, District Judge, Presiding.

Before REINHARDT, WARDLAW, and GOULD Circuit Judges.

MEMORANDUM *

Robert L. Wright, Superintendent of the Clallam Bay Correctional Center ("CBCC"), appeals the district court's grant of summary judgment to Joseph Lehman, manager of the Washington State Department of Corrections ("DOC"), on the ground that Lehman enjoyed qualified immunity from Wright's 42 U.S.C. § 1983 claim. We affirm on the ground that Wright cannot establish that he was deprived of a constitutionally protected liberty interest and therefore cannot state a § 1983 claim and do not reach the issue of qualified immunity. We have jurisdiction under 28 U.S.C. § 1291.

■■■ To succeed in his § 1983 defamation-based claim, Wright must satisfy the "stigma plus" test. This requires showing harm to his reputation and the loss of a constitutionally recognized property or liberty interest. *Paul v. Davis,* 424 U.S. 693,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

712, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) ("[H]owever seriously [petitioners' defamatory publications] may have harmed respondent's reputation, [they] did not deprive him of any 'liberty' or 'property' interests protected by the Due Process Clause."); *Siegert v. Gilley*, 500 U.S. 226, 233, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation."). A liberty interest is "implicated if a charge impairs his reputation for honesty or morality," *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 777 (9th Cir.1982), or "when a government charge damages seriously one's standing and associations in the community." *Roley v. Pierce County Fire Prot. Dist. No. 4*, 869 F.2d 491, 495 (9th Cir. 1989). This occurs when a person's freedom to pursue other employment opportunities is foreclosed. *Id.* A charge of incompetence alone is not sufficient. *Id.*

■ The statement that "we felt there needed to be a greater attention to some security issues"—even in the context of a televised news report regarding the termination of the CBCC superintendent—at most implies that Wright, who was not even named in the statement, was an ineffective or incompetent superintendent. While this may make Wright "somewhat less attractive to future employers ... [, it] is not enough to implicate the Due Process clause" because whatever stigma was imposed was not so "severe and genuinely debilitating" to rise "to a level of constitutional concern." *Hyland v. Wonder*, 972 F.2d 1129, 1141 (9th Cir.1992).

We therefore conclude that Wright failed to establish a constitutional depriva-

tion of liberty, and we affirm the decision of the district court.

AFFIRMED.