**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRAVIS BEARDEN, | No. 23-35021 |
| *Plaintiff-Appellant*, | D.C. No. 3:21-cv-05035-BHS |
| v. | |
| CITY OF OCEAN SHORES, WA; DEAN DINGLER, personal representative of Crystal Dingler, | ORDER CERTIFYING QUESTION TO THE WASHINGTON SUPREME COURT |
| *Defendants-Appellees*. | |

Filed May 29, 2024

Before: Mary H. Murguia, Chief Judge, and William A. Fletcher and John B. Owens, Circuit Judges.

**ORDER**

# SUMMARY[*]

## Certification of Question to State Supreme Court

In an appeal from the district court's summary judgment in favor of the City of Ocean Shores, Washington, in an action under the Uniformed Services Employment and Reemployment Rights Act, the panel filed an order certifying the following question to the Washington Supreme Court:

> Is a public employee entitled to paid military leave under Wash. Rev. Code Ann. § 38.40.060 if the employee is not "scheduled to work" by the employer because the employee is on active duty during an extended military leave of absence?

## COUNSEL

Thomas G. Jarrard (argued), The Law Office of Thomas G. Jarrard, Spokane, Washington; John Tymczyszyn, John T Law, PLLC, Bellevue, Washington; for Plaintiff-Appellant.

Elizabeth A. McIntyre (argued), Law Lyman Daniel Kamerrer & Bogdanovich PS, Olympia, Washington, for Defendant-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**ORDER**

Washington law provides paid military leave for public employees. *See* Wash. Rev. Code Ann. § 38.40.060 (West 2024). Specifically, the Washington statute states that a public employee who is a member of the Washington national guard or the U.S. military reserves is entitled to twenty-one days of paid military leave "during each year beginning October 1st and ending the following September 30th in order that the person may report for required military duty, training, or drills." *Id.* § 38.40.060(1); *see also id.* § 38.40.060(3). Further, the "employee shall be charged military leave only for days that he or she is scheduled to work for the state or the county, city, or other political subdivision." *Id.* § 38.40.060(4)(a).

Travis Bearden was employed as a firefighter for the City of Ocean Shores ("City") while he also served in the U.S. Army Reserves. Bearden claims that the City violated his rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") by denying his request for twenty-one days of paid military leave under § 38.40.060 for leave year October 1, 2020, to September 30, 2021. The City argues that Bearden was not entitled to paid military leave under § 38.40.060 because he was not "scheduled to work" during that period as he was on active duty and was on extended military leave from his firefighter position.

The issue of whether Bearden is entitled to paid military leave under § 38.40.060 for leave year October 1, 2020, to September 30, 2021, is dispositive of his USERRA claims but has not been settled by Washington law. Thus, we

respectfully certify the following question to the Washington Supreme Court:

> Is a public employee entitled to paid military leave under Wash. Rev. Code Ann. § 38.40.060 if the employee is not "scheduled to work" by the employer because the employee is on active duty during an extended military leave of absence?

## I. Background

Travis Bearden was employed as a firefighter for the City while he also served in the U.S. Army Reserves. In fall 2019, Bearden submitted a military order to the City stating that he was required to report for military duty ("annual training") from October 16-30, 2019. He submitted a subsequent military order stating that he was required to report for military duty ("active duty for training") for an additional nine months, until August 27, 2020.

The City charged the initial period of Bearden's absence to his twenty-one days of paid military leave under § 38.40.060 for the leave year of October 1, 2019, to September 30, 2020. After Bearden had exhausted his military leave, he used other accrued leave, which he exhausted in February 2020. In February 2020, the City put Bearden on "Leave without pay status."

In July 2020, Bearden submitted another military order to the City indicating that he would continue on military duty ("active duty") until May 2021.

On October 27, 2020, Bearden asked the City why he had not been paid for twenty-one days of military leave under § 38.40.060 for the new leave year of October 1, 2020,

to September 30, 2021. The City responded that, under § 38.40.060(4)(a), public employees are entitled to paid military leave only for days that they are "scheduled to work." The City further explained that Bearden was not entitled to paid military leave because he was on a military leave of absence and had "no scheduled work days."

Bearden remained on military leave beyond the at-issue leave year. Based on the parties' statements at oral argument in May 2024, it appears that he is still on active military duty and has not returned to his position as a firefighter for the City.

In 2021, Bearden filed suit against the City in federal district court.[1] As relevant to his Ninth Circuit appeal, Bearden alleged USERRA discrimination (38 U.S.C. § 4311) and denial of benefits (38 U.S.C. § 4316) claims based on the City's denial of his request for twenty-one days of paid military leave under § 38.40.060 for the leave year of October 1, 2020, to September 30, 2021.[2]

The district court granted summary judgment in favor of the City. The court held that Bearden's USERRA claims failed because he was not entitled to paid military leave under § 38.40.060 for the leave year of October 1, 2020, to September 30, 2021.

---

[1] Bearden later added the City's mayor, Crystal Dingler, as a defendant in her individual capacity. Crystal Dingler subsequently died, and Dean Dingler was substituted as the personal representative of her estate. For simplicity, we refer to Defendants collectively as the "City."

[2] Bearden also alleged other claims that he did not raise on appeal.

Bearden timely appealed.  He also filed a motion to certify to the Washington Supreme Court, which the City did not oppose.  We grant the motion to certify.

## II.  Explanation of Certification Request

Washington law permits certification from a federal court when, in the opinion of the court, "it is necessary to ascertain the local law of [Washington] in order to dispose of such proceeding and the local law has not been clearly determined."  Wash. Rev. Code Ann. § 2.60.020.  "We certify questions that 'we believe that the Washington Supreme Court . . . is better qualified to answer . . . in the first instance.'"  *Potter v. City of Lacey*, 46 F.4th 787, 791 (9th Cir. 2022) (alterations in original) (citation omitted). "Thus, certification is especially appropriate when a question of law has not been clearly determined by the Washington courts, and the answer to our question is outcome determinative."  *Id.* (quotation marks and citation omitted).  "[C]ertification may be especially necessary when a panel faces 'complex' state law issues carrying 'significant policy implications.'"  *Id.* (citations omitted).

Here, our question regarding § 38.40.060 has not been clearly determined by the Washington courts.

Section 38.40.060 provides:

> (1) Every officer and employee of the state or of any county, city, or other political subdivision thereof who is a member of the Washington national guard or of the army, navy, air force, coast guard, or marine corps reserve of the United States, or of any organized reserve or armed forces of the United States *shall be entitled to and shall be*

*granted military leave of absence from such employment for a period not exceeding twenty-one days during each year beginning October 1st and ending the following September 30th* in order that the person may report for required military duty, training, or drills including those in the national guard under Title 10 U.S.C., Title 32 U.S.C., or state active status.

(2) Such military leave of absence shall be in addition to any vacation or sick leave to which the officer or employee might otherwise be entitled, and shall not involve any loss of efficiency rating, privileges, or pay.

(3) During the period of military leave, the officer or employee shall receive from the state, or the county, city, or other political subdivision, his or her normal pay.

(4)(a) The officer or employee shall be charged military leave *only for days that he or she is scheduled to work* for the state or the county, city, or other political subdivision.

(b) If the officer or employee is scheduled to work a shift that begins on one calendar day and ends on the next calendar day, the officer or employee shall be charged military leave for only the first calendar day. If the officer or employee is scheduled to work a shift that begins on one calendar day and ends later than the next calendar day, the officer or employee shall be charged military leave for

> each calendar day except the calendar day on
> which the shift ends.

Wash. Rev. Code Ann. § 38.40.060 (emphases added).

The district court held, and the City argues, that Bearden was not entitled to paid military leave under § 38.40.060 for the leave year of October 1, 2020, to September 30, 2021, based on the plain language of the statute because he was not "scheduled to work" for any day during that period as he was on extended military leave. Wash. Rev. Code Ann. § 38.40.060(4)(a). The court noted that Bearden had not notified the City that he intended to return to work. The court also reasoned that "[u]nder its plain language, this statute is intended to compensate those who miss scheduled work because they engage in periodic military leave." Further, while he was on extended military leave, "[t]he City was not required to schedule Bearden for days that he was unable to work so that he could be paid for not working on those days."

By contrast, Bearden contends that § 38.40.060 should not be read to exclude public employees on military leave depending on the employer's choice to not "schedule" the employee to work. He suggests that the "scheduled to work" language in § 38.40.060(4)(a) means days that an employee would be regularly scheduled to work, rather than is actually scheduled to work. In other words, Bearden asserts that a public employee is annually entitled to twenty-one days of paid military leave, which replenishes at the start of each leave year on October 1, regardless of the type of military duty or the duration of the employee's leave.

No Washington court has clearly answered our legal question regarding § 38.40.060. The sole state court

decision touching upon the statutory language at issue in this case—regarding a public employee being charged paid military leave "only for days that he or she is scheduled to work," § 38.40.060(4)(a)—is the Washington Court of Appeals' recent unpublished decision in *Martin v. State*, No. 38332-6-III, 2023 WL 3116657, 26 Wash. App. 2d 1026 (Wash. Ct. App. Apr. 27, 2023), *review denied*, 534 P.3d 803 (Wash. 2023).[3] However, *Martin* does not squarely answer the legal question in the instant case.

In *Martin*, the class action plaintiffs claimed that their employer, the Washington State Patrol, violated USERRA based on a policy that provided that the official work schedule of five days a week, eight hours a day would apply to employees who were on leave longer than fifteen days, even if the employee usually worked an alternative schedule of four days a week, ten hours a day. *Id.* at *1. The purpose of this policy was to better equalize the paid leave "where two differently-scheduled employees report for equivalent uniformed service." *Id.* at *2. However, the plaintiffs (who usually were on a four-ten schedule) argued the policy violated USERRA, 38 U.S.C. § 4316(d), because, after the fifteenth day of leave, their paid leave under § 38.40.060 was allegedly depleted more quickly and for less compensation than if they were still treated as being on a four-ten schedule. *Id.* at *4. The Washington Court of Appeals held that the policy did not violate the plain language of § 4316(d) because there was no evidence that the Washington State

---

[3] The only other time a state court has interpreted § 38.40.060 was in *Wash. Fed'n of State Emps. v. State Pers. Bd.*, 773 P.2d 421, 422-26 (Wash. Ct. App. 1989), which addressed a prior version of the statute that did not contain the at-issue language.

Patrol refused to permit or forced the plaintiffs to use paid leave. *Id.* at \*4-5.

The Washington Court of Appeals also addressed the plaintiffs' "significant reliance" on § 38.40.060, even though it deemed the state statute "irrelevant." *Id.* at \*5. The court noted that the application of the Washington State Patrol's policy to employees on military leave for longer than fifteen days did not conflict with § 38.40.060 because an "employee is charged military leave 'only for days that he or she is scheduled to work.'" *Id.* at \*6 (quoting Wash. Rev. Code Ann. § 38.40.060(a)(4)). The court further stated:

> [Plaintiffs] argue[] that [§] 38.40.060 cannot be construed to permit an adjustment like that made by [the policy] because it would "frustrate the purpose" of the statute. . . . [They] argue[] that if the [Washington State Patrol] converted the schedule of an employee on military leave to seven days a week, or refused to schedule employees on leave for any work at all, it could thereby force the employee to use paid leave days for weekends or could avoid its military paid leave obligation altogether, which would be "absurd result[s]." . . . Those *would* be absurd results. They might well be actionable under 38 U.S.C. § 4311, a nondiscrimination provision under USERRA that is not the basis of a claim by the class.
>
> The fact that two hypothetical, extreme, discriminatory end-runs around the law would fail is not an argument against a reasonable employment policy, however.

> Nothing in [§] 38.40.060 is frustrated by a policy that allows employees on a four tens schedule to keep their $900-or-so paid leave premium, but reduces, at least, the pay disparity between them and their fellow veterans.

*Id.* at *6 (citations omitted).

*Martin* does not answer the legal question in this case. It did not address whether a public employee is entitled to paid military leave under § 38.40.060 when the employee is not "scheduled to work" because they are on an extended military leave. Put differently, *Martin* does not resolve whether, under § 38.40.060, Bearden had a legal right one year into his extended military leave to be paid again for another twenty-one days of leave when he was not actively working for the City and was not missing formally scheduled work days.

The answer to our question regarding § 38.40.060 is outcome determinative. If Bearden was not entitled to paid military leave under § 38.40.060 for leave year October 1, 2020, to September 30, 2021, then his USERRA claims fail because he did not suffer an adverse employment action and was not denied a benefit of employment. *See* 38 U.S.C. §§ 4311, 4316.

Further, the answer to our question regarding § 38.40.060 could potentially impact many public employers in Washington and their servicemember employees.

Therefore, we have concluded that it is prudent to certify this question to the Washington Supreme Court so that it may determine its own law in the first instance.

### III.  Certified Question

In light of the foregoing discussion, we hereby certify the following question to the Washington Supreme Court:

> Is a public employee entitled to paid military leave under Wash. Rev. Code Ann. § 38.40.060 if the employee is not "scheduled to work" by the employer because the employee is on active duty during an extended military leave of absence?

We do not intend the phrasing of our question to restrict the Washington Supreme Court's consideration of this issue. We recognize that the Washington Supreme Court may, in its discretion, reformulate the question.

The Clerk of this court is directed to transmit to the Washington Supreme Court, under official seal of the Ninth Circuit, this order and request for certification along with copies of all relevant briefs and excerpts of record pursuant to Wash. Rev. Code Ann. §§ 2.60.020 and 2.60.030.

If the Washington Supreme Court accepts the certified question, we designate Travis Bearden as the party to file the first brief pursuant to Wash. R. App. P. 16.16(e)(1).

This case is withdrawn from submission. Further proceedings before us are stayed pending final action by the Washington Supreme Court. The Clerk of this court is directed to administratively close this docket, pending further order. The parties shall notify the Clerk of this court within seven days after the Washington Supreme Court accepts or rejects certification, and again within seven days if that Court accepts certification and subsequently renders

an opinion.    The panel retains jurisdiction over further proceedings.

**IT IS SO ORDERED**.

Chief Judge Mary H. Murguia
U.S. Court of Appeals for the Ninth Circuit