**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS BEARDEN, | No. 23-35021 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-05035-BHS |
| v. | |
| CITY OF OCEAN SHORES, WA; DEAN DINGLER, personal representative of Crystal Dingler, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 10, 2024
Submission Withdrawn May 29, 2024
Resubmitted August 18, 2025
Seattle, Washington

Before: MURGUIA, Chief Judge, and W. FLETCHER and OWENS, Circuit
Judges.

Travis Bearden appeals from the district court's summary judgment in his

action under the Uniformed Services Employment and Reemployment Rights Act

("USERRA"). Bearden's USERRA claims arise from the denial of paid military

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

leave under Wash. Rev. Code § 38.40.060.  As the parties are familiar with the facts, we do not recount them here.  We vacate the district court's summary judgment and remand for further proceedings.

On May 29, 2024, we certified the following question to the Washington Supreme Court: "Is a public employee entitled to paid military leave under Wash. Rev. Code Ann. § 38.40.060 if the employee is not 'scheduled to work' by the employer because the employee is on active duty during an extended military leave of absence?" *Bearden v. City of Ocean Shores*, 103 F.4th 585, 590 (9th Cir. 2024).

On June 26, 2025, the Washington Supreme Court answered "the certified question in the affirmative: yes, a public employee is entitled to paid military leave under RCW 38.40.060 even if they are 'not "scheduled to work" by the employer because the employee is on active duty during an extended military leave of absence.'" *Bearden v. City of Ocean Shores*, 570 P.3d 684, 693 (Wash. 2025).

In light of the Washington Supreme Court's answer to the certified question, we vacate the district court's summary judgment and remand for further proceedings consistent with the answer to the certified question.

Each party shall bear its own costs on appeal.

**VACATED AND REMANDED**.

2